Accordingly, we affirm the judgment of the district court.

UNITED STATES of America, Appellee,

v.

Wilson George SIMON, Appellant.

No. 84–5189.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided July 2, 1985.

Rehearing Denied Aug. 2, 1985.

Randall Tigue, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS,* District Judge.

---

* The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

PER CURIAM.

This is a direct criminal appeal from convictions on three drug counts and one firearms count. The total sentence imposed was seven years. No question is raised as to the validity of the search that developed most of the evidence against defendant or as to the sufficiency of the evidence.

The major point argued on appeal is that the District Court[1] erred in excluding the testimony of a Mr. Villaume, a lawyer, who would have testified that the defendant Simon was helping him to defend a family called Ghassan, also charged with drug offenses. Defendant's theory was that the government had planted various drugs and firearms in his home in order to put him in a position where he would have to cooperate with the government by providing evidence to it against the Ghassans. The District Court refused to allow Villaume to testify, finding that there was no evidence that the government knew, in advance of the execution of the search warrant, that defendant had anything to do with the Ghassans.

■ Simon has two answers to the government's position. He says, in the first place, that Villaume and one Abas, said to be a former Chief United States Probation Officer in the District of Minnesota and an investigator employed by Villaume, had had "at least indirect" contact on Simon's behalf with government agents who were investigating the Ghassans, immediately before the raid on defendant's premises. Even if this is true, it does not establish that Abas or anyone else told the government that Simon was aiding Villaume in the Ghassans' defense. Thus, the relevance of this evidence to the present controversy is remote at best. In addition, Villaume, Simon's proffered witness, certainly knew what conversations he had had with the government, and what representations he had asked Abas to make

---

1. The Hon. Robert G. Renner, United States District Judge for the District of Minnesota.

to the government. He could have testified to these facts at Simon's trial, but the offer of proof made by Simon's counsel made no clear reference to any such testimony.

Simon also says that shortly after he was arrested he was released without bail and without being charged, was not indicted until some two months later, and was offered leniency in exchange for assistance against the Ghassans. These facts, it is argued, justify an inference that the government believed that there was a connection between Simon and the Ghassans. They do not, however, show that the government was aware of any such connection before the search which produced the incriminating evidence. Moreover, just as in the case of Villaume's testimony, it was perfectly open to defendant at the time of his trial, to make an offer of proof to show the alleged lenient treatment that he was given by the government, and to argue that this treatment was the basis for a legitimate inference that the government had had a motive to plant incriminating evidence in his home. He did not do so. The argument seems to be simply an afterthought designed to bolster the almost total lack of evidence showing that the government knew anything about a connection between Simon and the Ghassans before the search took place.

■ In reviewing the decision to exclude this evidence, we of course have in mind that the District Court was much more familiar with the facts of this case than we are, and that we may reverse its choices on evidentiary matters only if an abuse of discretion has been shown. The evidence in question here, even if not absolutely irrelevant in a logical sense, was remote and speculative, and we do not believe that the District Court abused its discretion in refusing to allow the jury to hear it.

■ Simon also argues that the Assistant United States Attorney trying the case against him was guilty of impropriety when he told the District Court, in chambers, that the government had in fact known nothing of any connection between Simon and the Ghassans before the search of Simon's house. These statements, appellant says, were an improper attempt by the government lawyer to testify and to give his personal views as to facts in issue. We disagree. We see nothing improper in what government counsel did here. His statements were made in the course of the oral argument on the government's objection to the proffered testimony of Villaume. The government was entitled to tell the District Court that the proffered testimony did not include any evidence that the government had had prior knowledge of the Simon-Ghassan connection. In the course of making this argument, it was entirely natural for government counsel to make the statements that he did. If the government's prior knowledge, or lack of it, had been put directly in issue, and if the District Court had made a finding of fact on that issue, favorable to the government, based only on representations by counsel, a different situation would be presented, but here the District Court's ruling was simply that Simon had produced no substantial evidence that the crucial knowledge on the part of the government existed. Absent such evidence, the probative value of the proffered testimony, as we have explained, was too slight, and its relevance, if any, too remote, to enable us to say that any error occurred.

We have considered Simon's other arguments and hold that they are without merit. His claim that this prosecution should be barred by an alleged agreement on the government's part to make his problems "go away" in exchange for cooperation in the Ghassan matter was not made until after trial and comes too late. Fed.R. Crim.P. 12(f). The claim that Judge Renner should have recused himself because, as United States Attorney some years ago, he had been personally involved in a prosecution against Simon is also without merit and has, in any event, now been withdrawn by counsel for appellant. The fact is that Judge Renner was not personally involved in any such prosecution.

Affirmed.